BOOTH FURNITURE & CARPET CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 426. Promulgated April 18, 1927.

1. An open account carried on the corporate books with the principal stockholder and his estate, *held* to be an account receivable and an allowable inclusion in invested capital.

2. In the absence of evidence showing ownership of stock, its cost, or selling price, the disallowance of an alleged loss upon the sale thereof is approved.

3. The Board has no jurisdiction respecting years for which deficiencies are not asserted.

*John H. Tucker, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the respondent.

This proceeding results from the determination of a deficiency in income and profits taxes for the fiscal year ended June 30, 1920, in the amount of $1,747.77, and of overassessments for the fiscal years ended June 30, 1918 and 1919, in the amounts of $3,974.15 and $76.73, respectively. Error is alleged in the respondent's exclusion from invested capital of an account receivable of the principal stockholder; the exclusion from invested capital of building and loan association and Louisiana Fair bonds as inadmissible assets; and the disallowance of a loss claimed to have resulted during the fiscal year ending in 1920 from the sale of certain stock. The item with respect to the exclusion of the building and loan association and Louisiana Fair bonds was eliminated by agreement at the hearing as not being in controversy. The respondent entered a plea in bar to the jurisdiction

of the Board as to the years for which overassessments were determined.

Petitioner is a Louisiana corporation with its principal office at Shreveport. Until his death on July 12, 1919, W. H. Booth was its principal stockholder and president. After the death of Booth, E. L. Colquitt, general office man, managed the business for a short time until Mrs. W. H. Booth, who had succeeded her husband to the presidency, assumed active management. Colquitt died in 1922; and Mrs. Booth died on April 18, 1924.

Prior to and during the years under consideration, the petitioner carried on its books an open account with W. H. Booth, to which there were charged amounts withdrawn by him or paid out in his behalf for personal bills, and to which there were credited, from time to time, cash payments made by him on account, salary credits, and dividends on corporate stock other than the petitioner's. Following the death of Booth, the account was continued under the designation "W. H. Booth Estate." The debit balances in the account at the beginning of the three years under consideration were as follows:

| | |
|---|---:|
| At July 1, 1917 | $17,391.73 |
| At July 1, 1918 | 20,036.64 |
| At July 1, 1919 | 9,560.30 |

The petitioner did not declare nor pay any cash dividends during the fiscal years under consideration.

In computing the gross estate of W. H. Booth, for estate-tax purposes, the respondent treated the indebtedness of the decedent to the petitioner as a debt, and allowed a deduction of one-half of the amount thereof. The account receivable represented a debt due to the petitioner from W. H. Booth and/or his estate; and the same has been paid in full. The respondent disallowed this account as invested capital for the fiscal year ended June 30, 1920.

On July 1, 1919, the petitioner carried on its books of account, certain shares of the capital stock of the Youree Hotel Co., at a value of $5,000. From July 1, 1917, to September 24, 1919, there were credited to the account of W. H. Booth and/or the account of the W. H. Booth estate, twelve items of $100 each, six items of $200 each, and one item of $400, all of which items represented dividends on the stock of the Youree Hotel Co. The stock referred to was sold on or about September 24, 1919; and on the same date the "Youree Stock" account was credited with the sum of $5,000 to close the account, the ledger account showing that the corresponding debit entry was made against cash. The petitioner claimed a deduction

for the fiscal year 1920 of $2,500, as a loss sustained from the sale of the stock in question, and the deduction was disallowed by the respondent.

OPINION.

MILLIKEN : The respondent's plea in bar, with respect to the fiscal years ending in 1918 and 1919, is well taken. The jurisdiction of the Board, with respect to years for which no deficiencies are asserted, was considered and decided adversely to the petitioner in *Appeal of R. P. Hazzard Co.*, 4 B. T. A., 150, and *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The record does not disclose the reason for respondent's action in disallowing as invested capital, for the fiscal year 1920, the account receivable standing against W. H. Booth and/or his estate, on the petitioner's books of account. The right of a corporate taxpayer to include in its invested capital funds advanced to stockholders, as bona fide loans, has been upheld in the *Appeal of Kate C. Ryan, Executrix*, 2 B. T. A. 1130, and *Appeal of Ruckman Coal Co.*, 5 B. T. A. 534. The balance in the account at the beginning of the year in question represented a valid obligation of W. H. Booth and/or his estate, for funds advanced to him or his estate by the petitioner, or paid in his or its behalf for personal bills. It was so regarded by the petitioner as evidenced by its books of account. That the advances made to Booth and his estate by the petitioner, were considered by Booth and his executors as loans, is evident from the facts that from time to time, prior to his death, Booth made partial repayment through substantial cash payments and by applying to the accounts amounts due as salary, and the subsequent liquidation of the account, in full, by his executors.

Further, the respondent, for the purposes of the estate tax, considered the advances to Booth as loans by the petitioner, and allowed as a deduction, in valuing the gross estate, one-half of the amount of Booth's indebtedness on account of such loans. The respondent's action in allowing only one-half of the indebtedness to the petitioner, as a deduction in valuing the gross estate, appears to have been based upon the fact that Booth was a resident of the State of Louisiana, at the time of his death, and subject to the community property laws of that State. The respondent's action in disallowing the indebtedness of Booth and/or his estate to the petitioner as invested capital for the fiscal year 1920, is in error.

The petitioner claimed a deduction, for the fiscal year 1920, in the sum of $2,500, representing an alleged loss sustained from the sale of certain shares of the capital stock of the Youree Hotel Co., and the

deduction has been disallowed by the respondent. . There is grave doubt in our minds as to whether ownership of this stock vested in the petitioner or in W. H. Booth and/or his estate. Obviously, if it vested in the latter, petitioner is not entitled to deduct any loss which may have resulted from the sale. Petitioner's bookkeeper testified at the hearing that the stock in question ·was the property of the petitioner; but she testified further, that she had never seen the stock certificates, and, though the dividend checks had passed through her hands in the ordinary routine of office affairs, she could not recollect to whom such checks were payable. We were not told why the dividends paid on this stock during the period September 24, 1919, to June 30, 1921, in the total amount of $2,800, were credited to the account of W. H. Booth and/or his estate. The bookkeeper simply testified that if ownership of the stock vested in the petitioner, the dividends were erroneously credited to Booth's account.

At the time of the sale the stock referred to was carried on the books at a value of $5,000. When the stock was sold, or shortly thereafter, cash was charged with the sum of $5,000 and "Youree Stock" account credited with a like amount. The bookkeeper testified that the difference between the book value of the stock, $5,000, and the selling price, $2,500, was later charged off as a loss; but how? Certified copies of the surplus account are in evidence and the loss does not appear as a charge against that account. The stock was sold on September 24, 1919; and the ledger sheets bearing the account of W. H. Booth and/or his estate from that date to June 30, 1921, are missing from petitioner's records, so that it is not possible now to check that account to determine if the loss, if any was sustained, was charged against it.

Furthermore, not a shred of evidence was presented to show the cost of the stock; hence, we are in no position to determine whether or not an actual loss was sustained. What then is the situation with which we are confronted? Just this: The ownership of the stock has not been satisfactorily established; the petitioner's books of account, on their face, show that the stock was sold at its book value; and the cost of the stock, or its March 1, 1913, value if acquired prior to that date, has not been proven. How then can we determine whether or not a loss was sustained upon the sale of the stock in question, and, if so, who sustained the loss? Under the circumstances, the respondent's action in refusing to allow the deduction claimed, must prevail.

*Judgment will be entered on 15 days' notice, under Rule 50.*